UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUAYAD SHAMMAMI,
    Plaintiff,

v.    Case No. 07-14214

BROAD STREET SECURITIES, INC.,    Honorable Patrick J. Duggan
PERSHING, LLC, and THE BANK OF
NEW YORK MELLON, a foreign
corporation,
    Defendants.
                                          /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 13, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On October 3, 2007, Mouayad Shammami ("Plaintiff") initiated this action against Broad Street Securities, Inc. ("Broad Street"), Pershing, LLC ("Pershing"), and The Bank of New York Mellon Corporation[1] ("Mellon")(collectively "Defendants"). Plaintiff alleges that Defendants and their employees churned his investment accounts and traded securities without regard to his stated objectives.[2] Presently before this Court is

---

[1] In its motion, Mellon states that Plaintiff incorrectly identified and named The Bank of New York Mellon as a defendant.

[2] Plaintiff's amended complaint asserts the following seven counts: Count I (Securities Fraud (Unlawful Churning) Violation of Securities Exchange Act of 1934 Section 10(b)); Count II (Fraud, Conversion Deceit and Misrepresentation); Count III

Pershing's motion to dismiss and compel arbitration of Plaintiff's claims. Pershing states that Broad Street concurs with its motion, and on December 26, 2007, Mellon, the parent company of Pershing, filed a motion to join Pershing's motion. On January 15, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Pershing's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.     Background**

Sometime in 2004, Plaintiff entered into an agreement with Broad Street whereby Broad Street would provide asset management and investment advice. (Am. Compl. ¶ 11.) Pursuant to a separate "clearing agreement" Broad Street had with Pershing, Broad Street acted as the "introducing firm," which means that Broad Street could request that Pershing, the clearing broker, purchase or sell securities on Plaintiff's behalf. (Pershing's Br. at 1; *see also* Pershing's Mot. Ex. 2, Margin Agreement at 3-05.)

On July 16, 2005, Plaintiff entered into a Margin Agreement with Pershing, which contained a broad arbitration clause. The arbitration clause provides:

> ANY CONTROVERSY BETWEEN YOU AND US SHALL BE SUBMITTED TO ARBITRATION BEFORE THE NEW YORK STOCK EXCHANGE, INC., ANY OTHER NATIONAL SECURITIES EXCHANGE ON WHICH A TRANSACTION GIVING RISE TO THE CLAIM TOOK PLACE (AND ONLY BEFORE SUCH EXCHANGE), OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

(Margin Agreement ¶ 21.) Plaintiff signed an acknowledgment stating that he understood

---

(Michigan Uniform Securities Act); Count IV (Breach of Contract); Count V (Breach of Fiduciary Duty); Count VI (Violation of Consumer Protection Act); and Count VII (Action for Accounting).

2

that the Margin Agreement contained this arbitration clause. (Pershing's Mot. Ex. 1.)

II. **Discussion**

   A. **Pershing's Motion to Dismiss and Compel Arbitration**

Pershing argues that Plaintiff's complaint must be dismissed based on the arbitration clause in the Margin Agreement. As stated above, although they are nonsignatories to the Margin Agreement, Mellon has joined, and Broad Street concurs in, Pershing's motion. *See Arnold v. The Arnold Corp. – Printed Commc'ns for Bus.*, 920 F.2d 1269, 1281 (6th Cir. 1990)(stating that the majority rule is that "'nonsignatories to arbitration agreements may be bound under the agreement by ordinary contract and agency principles'")(quoting *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (5th Cir. 1986)).

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity." 9 U.S.C. § 2. The FAA represents a "liberal policy favoring arbitration agreements," and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983).

Plaintiff argues that the arbitration clause in the Margin Agreement should not apply in this case because he was fraudulently induced to sign a separate agreement with Broad Street changing his investment objectives.[3] (Pl.'s Resp.[4] ¶ 6 (citing Am. Compl. ¶ 39.1).)

---

[3]This agreement was signed by Plaintiff and attached as Exhibit B to Plaintiff's amended complaint. It provides:
> I do hereby state that the investment objective for Broad Street Securities, Inc. Account #ATW004284, held at

3

Pershing argues that, assuming the alleged fraudulent inducement related to the Margin Agreement, Plaintiff's claim of fraud in the inducement relates to the entire agreement and thus must be resolved by the arbitrator.

In *Prima Paint Corporation v. Flood & Conklin Manufacturing Company*, "the Supreme Court held that 'a claim of fraud in the inducement of the entire contract' is a matter to be resolved by the arbitrators, not the federal courts." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 393 (6th Cir. 2003)(quoting *Prima Paint Corp.*, 388 U.S. at 402-04, 87 S. Ct. at 1805-06). "However, if there was a fraud that 'goes to the 'making' of the agreement to arbitrate,' then a federal court may adjudicate." *Id.* The Sixth Circuit has held that, "in order to void an arbitration clause, the complaint must contain a 'well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement*, that would provide grounds for the revocation of the agreement to arbitrate.'" *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan,* Inc., 350 F.3d 568, 576 (6th Cir. 2003)(emphasis in original)(quoting *Fazio*, 340

---

> Pershing, LLC, and for which I exercise trading authority over, is TRADING PROFITS and SPECULATION, I fully understand and accept the risks involved in trading equities and/or options, including the commission expense of trading which will increase with the frequency of trades I make.
> I further represent to Broad Street Securities, Inc. that I am financially able to undertake the risks associated with frequent equity and/or option trading, and that I am satisfied with the manner in which the capital in this account is being utilized.

(Am. Compl. Ex. B at 2.)

[4]Plaintiff failed to submit a brief with his response. *See* E.D. Mich. LR 7.1(c)(1)("Motions and *responses* to motions must be accompanied by *a brief*.")

F.3d at 394).

In this case, there is no allegation that Plaintiff was fraudulently induced to agreeing to the arbitration clause in the Margin Agreement. Rather, at most, Plaintiff alleges that he was fraudulently induced into a separate agreement with Broad Street. (*See* Am. Compl. ¶ 39.1.) Consequently, even if Plaintiff's allegations related to the Margin Agreement, they would relate to the contract as a whole. Therefore, as *Prima Paint* instructs, this matter must be resolved by an arbitrator.

Plaintiff also contends that, in the event the Court compels arbitration, it should stay the proceedings rather than dismiss this action. Plaintiff cites 9 U.S.C. § 3[5] and *Arnold v. The Arnold Corp. – Printed Communications for Business*, 920 F.2d 1269 (6th Cir. 1990) in support of this argument. Pershing argues that, if anything, *Arnold* supports dismissal of Plaintiff's complaint.

This Court agrees with Pershing. In *Arnold*, the Sixth Circuit held that it had jurisdiction based on the district court's dismissal of the complaint in deference to arbitration, and by doing so, condoned the district court's dismissal. *See id.* at 1276.

---

[5]Section 3 of the FAA provides:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such a suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action, until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Therefore, *Arnold* does not support Plaintiff's argument that a stay is the appropriate course of action. Nor is Plaintiff's argument supported by Sixth Circuit precedent. "'The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.'"[6] *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000)(quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)); *see also Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, 1999 U.S. App. LEXIS 26600, at *9-10 (6th Cir. Oct. 19, 1999)("Under § 3 of the FAA, if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory. However, litigation in which all claims are referred to arbitration may be dismissed."). Consequently, because Defendants are requesting dismissal and Plaintiff does not dispute that all of the claims asserted in his amended complaint must be submitted to arbitration, the Court finds that dismissal of this action is the proper course of action.

Finally, Plaintiff argues that Pershing should "be required to initiate arbitration through NASD/FINRA in a prompt manner (40 days under *Arnold*, for example) by submitting a Statement of Claim containing the essential allegations set forth in the

---

[6]Indeed, "[m]ost district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Nestle Waters N. Am. Inc. v. Bollman*, 06-00577, 2006 U.S. Dist. LEXIS 89579, at *20-21 (W.D. Mich. Dec. 11, 2006)(citing *Saneii v. Robards*, 187 F. Supp. 2d 710, 714 (W.D. Ky. 2001) and *Tanglewood Hospitality Venture, Inc. v. Ogle*, No. 3:05-CV-184, 2005 WL 2060769, 2005 U.S. Dist. LEXIS 44197, at *6 (E.D. Tenn. Aug. 25, 2005)); *see also Hagan v. Greenpoint Credit Corp.*, 07-17-KKC, 2007 U.S. Dist. LEXIS 56976, at * 22 (E.D. Ky. Aug. 3, 2007)(dismissing complaint when all of the plaintiff's claims were referred to arbitration).

complaint, and to pay the costs for filing arbitration of $1,500.00 as the party so moving."
(Pl.'s Resp. ¶ 6.) Plaintiff, however, fails to point to any contractual or statutory provision requiring Defendants to initiate arbitration and pay the costs for filing arbitration. Consequently, the Court is not persuaded by this argument.

### B. Mellon's Alternative Grounds for Dismissal

In addition to arguing that Plaintiff's claims should be dismissed based on the arbitration clause, Mellon argues, presumably in the alternative, that Plaintiff's claims against it should be dismissed pursuant to Rule 12(b)(4) for insufficient service of process. Because the Court has concluded that it will dismiss Plaintiff's amended complaint based on the arbitration clause in the Margin Agreement, the Court will deny as moot Mellon's motion to dismiss pursuant to Rule 12(b)(4).

## IV. Conclusion

For the foregoing reasons, this Court will grant Pershing's motion to dismiss and compel arbitration of Plaintiff's claims. Moreover, because Plaintiff does not dispute that his claims against Broad Street and Mellon, which are nonsignatories to the Margin Agreement, are also subject to the arbitration clause, this Court finds that dismissal is proper as to all Defendants.

Accordingly,

**IT IS ORDERED** that Pershing's motion to dismiss and compel arbitration is **GRANTED**.

**IT IS FURTHER ORDERED** that Mellon's motion is **GRANTED IN PART AND DENIED IN PART**. Mellon's motion is **GRANTED** to the extent that it seeks to

join Pershing's motion to dismiss and compel arbitration of Plaintiff's claims. Mellon's motion is **DENIED AS MOOT** to the extent that it seeks dismissal of Plaintiff's claims against it pursuant to Rule 12(b)(4) for insufficient service of process.

      **IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Gregory J. Rohl, Esq.
Catherine T. Dobrowitsky, Esq.
Clarence L. Pozza, Jr., Esq.
W. Scott Turnbull, Esq.